NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0558n.06

No. 21-1297

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| MAX BIRMINGHAM, | ) | **FILED**<br>Dec 02, 2021<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
|     Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
|  | ) | DISTRICT OF MICHIGAN |
| DANA NESSEL, | ) |  |
|  | ) | OPINION |
|     Defendant-Appellee. | ) |  |
|  | ) |  |

Before: MOORE, GRIFFIN, and MURPHY, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Max Birmingham brought suit alleging that Michigan's seduction statute, Mich. Comp. Laws § 750.532, violates the First Amendment. The district court granted the defendant's motion to dismiss for lack of standing. We **AFFIRM** the district court's judgment.

**I. BACKGROUND**

Birmingham, an attorney proceeding pro se, challenges Michigan's seduction statute. R. 11 (First Am. Compl.) (Page ID #80–96). This statute provides that "[a]ny man who shall seduce and debauch any unmarried woman shall be guilty of a felony . . . ." Mich. Comp. Laws § 750.532. Although Birmingham raises a number of objections to the statute, nowhere in his complaint does he allege that he intends to commit the proscribed activity. *See* R. 11 (First Am. Compl.) (Page ID #80–96).

In the district court, Birmingham filed a motion for a preliminary injunction, R. 12 (Mot. for Prelim. Inj.) (Page ID #97), and the Attorney General filed a motion to dismiss for lack of standing. R. 26 (Mot. to Dismiss) (Page ID #223–24). In opposition to the motion to dismiss, Birmingham claimed for the first time—without producing any supporting facts—that he "has an intention to engage in a course of conduce [sic] affected with a constitutional interest, but is proscribed by the Seduction statute." R. 32 (Opp. to Mot. to Dismiss at 21) (Page ID #309). In his sur-reply to the motion to dismiss, he alleged for the first time that "he will have sexual intercourse in Michigan, he will promise marriage to obtain the intercourse, he will makes [sic] the promise at the time of the intercourse, and the person with whom he has intercourse relies on the promise to marry." R. 35 (Sur-Reply at 4) (Page ID #346).[1]

The magistrate judge recommended that the court grant the motion to dismiss. *Birmingham v. Nessel*, No. 1:20-cv-329, 2020 WL 8768295, at *1 (W.D. Mich. Sept. 16, 2020). The district court adopted the magistrate judge's Report and Recommendation and dismissed the case. *Birmingham v. Nessel*, No. 1:20-cv-329, 2021 WL 733001, at *2 (W.D. Mich. Feb. 25, 2021). Birmingham timely appealed. R. 59 (Notice of Appeal) (Page ID #612).

## II. ANALYSIS

"The party invoking federal jurisdiction bears the burden of establishing standing." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (internal citations omitted). "[E]ach

---

[1]Birmingham made similar claims in his Objections to the Report and Recommendation of the Magistrate Judge. *See* R. 54 (Pl.'s Objs. to the R. & R. at 9) (Page ID #580) ("Presently, Plaintiff had and has an intention or desire to engage in a course of conduct proscribed by the Seduction statute, which subjects him to a credible threat of prosecution under the Seduction statute as written."); *id*. ("Presently, Plaintiff had and has an intention or desire to seduce and debauch an unmarried woman in the State of Michigan, which is in violation of the Seduction statute.").

element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). At the motion-to-dismiss stage, "we 'must accept as true all material [factual] allegations of the complaint'" and "must construe the complaint liberally in favor of the complaining party." *White v. United States*, 601 F.3d 545, 551 (6th Cir. 2010) (quoting *Fednav, Ltd. v. Chester*, 547 F.3d 607, 614 (6th Cir. 2008)). "[T]he complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 552 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Whether a party has standing is a question of law that we review de novo." *Fieger v. Mich. Sup. Ct.*, 553 F.3d 955, 961 (6th Cir. 2009).

To have constitutional standing to bring a suit, plaintiffs must show that they have "suffered (1) an injury that is (2) 'fairly traceable to the defendant's allegedly unlawful conduct' and that is (3) 'likely to be redressed by the requested relief.'" *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 349 (6th Cir. 2007) (quoting *Lujan*, 504 U.S. at 560). To meet the injury-in-fact prong based on future harm, a plaintiff must allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List*, 573 U.S. at 159 (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). Although a plaintiff need not "first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights," *Steffel v. Thompson,* 415 U.S. 452, 459 (1974), the "fears of prosecution cannot be merely 'imaginary or speculative,'" *Grendell v. Ohio Sup. Ct.*, 252 F.3d 828, 834 (6th Cir. 2001) (quoting *Younger v. Harris*, 401 U.S. 37, 42 (1971)). Often, if a plaintiff has previously engaged in the proscribed conduct or if the government has

taken steps to enforce the prohibition against the plaintiff or others, those facts are relevant to this analysis. *See, e.g.*, *Susan B. Anthony List*, 573 U.S. at 158–61; *McKay v. Federspiel*, 823 F.3d 862, 868–69 (6th Cir. 2016); *Kiser v. Reitz*, 765 F.3d 601, 608–09 (6th Cir. 2014). But mere "[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 13–14 (1972).

In his complaint, Birmingham did not allege that he intends to engage in any conduct that the law prohibits. *See* R. 11 (First Am. Compl.) (Page ID #80–96). Thus, he cannot show any injury in fact. *See White*, 601 F.3d at 553.

Even if we were to consider the allegations that Birmingham made elsewhere, he still has not established standing. *See* R. 35 (Sur-Reply at 4) (Page ID #346); R. 54 (Pl.'s Objs. to the R. & R. at 9) (Page ID #580). He has not alleged any facts to support his claim that he "inten[ds] to engage in a course of conduct . . . proscribed by [the] statute." *Susan B. Anthony List*, 573 U.S. at 159.

To support his allegations of standing, Birmingham offers a blanket assertion—without any corresponding facts—that he "will" commit each element of the crime. *Compare* R. 35 (Sur-Reply at 4) (Page ID #346) ("To satisfy Defendant, Plaintiff claims he will have sexual intercourse in Michigan, he will promise marriage to obtain the intercourse, he will makes [sic] the promise at the time of the intercourse, and the person with whom he has intercourse relies on the promise to marry.") *with People v. De Fore*, 31 N.W. 585, 588–89 (Mich. 1887) ("Under [the seduction] statute, the offense is committed if the man has carnal intercourse to which the woman assented, if such assent was obtained by a promise of marriage made by the man at the time, and to which without such promise she would not have yielded."). But these are blanket assertions.

4

At the motion-to-dismiss stage, a plaintiff must allege "sufficient *factual* matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Had Birmingham provided *any* facts to support his assertion that his speech or conduct was chilled by the law, this court's analysis might be different. Birmingham, however, offers no facts to support his allegations related to his own standing. Birmingham "fail[s] to sufficiently articulate [his] intended speech or conduct" and "make[s] only vague suggestions of a *general* desire" to violate the seduction statute. *Fieger*, 553 F.3d at 964. He therefore has "not presented sufficient facts to demonstrate a threat of [enforcement] arising from [his] unspecified future [actions]." *Id.*

Failing to show an injury in fact, Birmingham asserts that the overbreadth doctrine gives him standing. "The overbreadth doctrine allows plaintiffs to attack the constitutionality of a statute or ordinance 'not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others before the court to refrain from constitutionally protected speech or expression.'" *Prime Media*, 485 F.3d at 349 (quoting *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 392–93 (1988)).

The overbreadth exception "applies only to the prudential standing doctrines, such as the prohibition on third-party standing, and not to those mandated by Article III itself, such as the injury-in-fact requirement." *Phillips v. DeWine*, 841 F.3d 405, 417 (6th Cir. 2016). Prudential standing typically requires that plaintiffs assert only their own legal rights and interests, and not those of third parties. *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 955 (1984).

Although the overbreadth doctrine creates a relaxed approach to *prudential* standing, it does not affect constitutional standing, "which is a *constitutional* mandate that is 'absolute' and 'irrevocable.'" *Fieger*, 553 F.3d at 961 (quoting *Prime Media*, 485 F.3d at 349–50). "Even where

5

a litigant challenges a law or regulation as overbroad, that litigant must still 'show that he has sustained, or is immediately in danger of sustaining, a direct injury as the result of that action.'" *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 764 (6th Cir. 2019) (quoting *Laird*, 408 U.S. at 13); *see Am. Booksellers Ass'n*, 484 U.S. at 392 ("To bring a cause of action in federal court requires that plaintiffs establish at an irreducible minimum an injury in fact."); *Prime Media*, 485 F.3d at 350 ("Even though Prime Media advances an overbreadth challenge, it is thus still required to show an injury in fact . . . .").

Birmingham's reliance on *Munson*, 467 U.S. at 958–59, and *American Booksellers*, 484 U.S. at 392–93, is misplaced because these cases address the overbreadth doctrine as an exception to only prudential standing requirements, not constitutional standing requirements. In *Munson*, constitutional standing was not at issue, 467 U.S. at 958, and in *American Booksellers*, the Supreme Court held that the plaintiffs suffered an injury in fact that satisfied constitutional standing requirements because the law was "aimed directly at plaintiffs, who, if their interpretation of the statute is correct, will have to take significant and costly compliance measures or risk criminal prosecution," 484 U.S. at 392.

In other words, although the overbreadth doctrine permits plaintiffs to bring suit even if their First Amendment rights have not been violated, they may bring suit only when they have suffered an injury or face an imminent threat that they will suffer an injury. Here, Birmingham has not satisfied the injury-in-fact requirement, and his reliance on the overbreadth doctrine does not excuse his lack of standing.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment granting the motion to dismiss.